UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KAREN SHREVE, and
All others similarly situated under
29 U.S.C. §216(b),

    Plaintiff,

vs.

CENTURA HOMEOWNERS ASSOCIATION, INC.,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff Karen Shreve ("Plaintiff"), on behalf of herself and all others similarly situated under 29 U.S.C. §216(b), hereby sues Centura Homeowners Association, Inc. ("CHA" or "Defendant") and alleges as follows:

### INTRODUCTION

1. This is an action for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages within this court's jurisdictional requirements, a reasonable attorneys' fee and costs, and all other remedies allowable by law.

3. The FLSA counts are brought as a collective action pursuant to 29 U.S.C. §216(b).

4. Upon information and belief, Defendant has failed to compensate similarly situated employees in accordance with the FLSA by depriving them of the FLSA's required overtime payments.

## PARTIES, JURISDICTION AND VENUE

5. CHA is and was a Florida corporation conducting business in Broward County, Florida during the relevant period.

6. Plaintiff was formerly employed by Defendant and performed work for Defendant in Broward County, Florida.

7. Venue is proper in this Court because Defendant transacts business in this District, Defendant maintains a principal place of business in this District, Defendant employed Plaintiff in this District, and the claims arose within the District.

## GENERAL ALLEGATIONS

A. **Defendant' Business, Interstate Commerce, And Employment Of Plaintiff.**

8. Defendant is a homeowner's association entity and was so during the relevant period.

9. Plaintiff became employed by Defendant on or around March 2010

10. Plaintiff was hired as a Clubhouse Director, a position she held until her termination in or around late April 2017.

11. During the relevant period, Defendant generally paid Plaintiff on an hourly basis.

12. Defendant was Plaintiff's employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

13. Upon information and belief, CHA's annual volume of sales or business exceeded $500,000 during the relevant period.

14. At all relevant times, Defendant employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

15. Upon information and belief, Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

16. Defendant, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

17. Defendant is an employer engaged in interstate commerce and subject to the FLSA.

**B. Plaintiff's Misclassification As An Independent Contractor**

18. During the entire period of her employment with CHA, CHA improperly classified Plaintiff as an independent contractor.

19. For a number of years, CHA did not issue Plaintiff any end-of-the-year tax documents such as a 1099 or W-2 form.

20. CHA first issued Plaintiff a 1099 tax form in 2015.

21. Plaintiff repeatedly instructed CHA to properly classify her as an employee.

22. CHA refused.

23. As a result, Plaintiff submitted a Form SS-8 form with the IRS in order for the IRS to determine whether Plaintiff was, indeed, a CHA employee.

24. Through a letter dated March 13, 2017, the IRS informed Plaintiff that she was a CHA employee.

25. The IRS' determination was made after it consulted with and received information from CHA.

26. The SS-8 Determination Analysis noted, among other things, that:

- CHA "provides the venue and all necessary equipment and supplies";
- Plaintiff "furnishes nothing and does not incur expenses in the performance of the job";
- Plaintiff is "paid an hourly wage";
- Plaintiff is covered by CMA's "workers' compensation insurance policy"; and
- There was evidence that Plaintiff was provided "paid vacation and sick pay and time sheets."

C. **Defendant's Illegal Payment Practices.**

27. During her employment with Defendant, Plaintiff worked over 40 hours a week during some weeks within the 3 years prior to the filing of this lawsuit.

28. Plaintiff particularly worked overtime hours during and around holidays.

29. Plaintiff worked extra hours during and around holidays, in part, because her role as Clubhouse Director required her to set up activities for the association residents.

30. Plaintiff, however, was not compensated for overtime wages in accordance with the Fair Labor Standards Act (FLSA).

31. Defendant willfully and intentionally refused to pay Plaintiff in accordance with the FLSA.

32. Defendant failed to keep accurate time records for all hours worked by Plaintiff.

**D. Defendant's Illegal Payment Practices Affected All Other Similarly Situated Employees.**

33. Upon information and belief, Defendant's pattern and practice of depriving non-exempt employees of some or all overtime compensation extended to the entire company, including several other similarly situated employees.

34. Defendant had a general practice of misclassifying employees as independent contractors.

35. One of the reasons for the misclassification was to deprive employees of overtime wages.

36. Employees who were subject to the same misclassification practice that were deprived of overtime compensation are similarly situated to Plaintiff.

37. Plaintiff, on behalf of himself and all other similarly situated employees, has retained undersigned counsel and agreed to pay a reasonable attorneys' fee for all services rendered.

**COUNT I**

**OVERTIME VIOLATION BY CHA UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**

38. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

39. As part of its business, CHA purchased goods and materials that traveled through interstate commerce.

40. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

41. Upon information and belief, CHA obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

42. CHA, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

43. CHA is an employer engaged in interstate commerce and subject to the FLSA.

44. During his employment with CHA, Plaintiff worked overtime hours for which Plaintiff was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

45. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

46. Other similarly situated non-exempt employees of CHA were also deprived of overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

47. In addition, CHA is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against CHA under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: January 2, 2018

Respectfully submitted,

By: /s/ J. Freddy Perera
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pereralaw.com
**PERERA LAW GROUP, P.A.**
12555 Orange Drive, Suite 268
Davie, Florida 33330
Telephone: 786-485-5232

*Counsel for Plaintiff*