UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60005-CIV-ALTONAGA/Goodman

**KAREN SHREVE**,

    Plaintiff,
v.

**CENTURA HOMEOWNERS
ASSOCIATION, INC.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Approval of Settlement Agreement [ECF No. 28], filed March 29, 2018. The Motion seeks approval of the parties' Settlement Agreement. (*See* Settlement Agreement [ECF No. 28] 9–15). When a private action is brought under the Fair Labor Standards Act, 29 U.S.C. sections 201 *et seq.*, as is the case here, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Upon review of the record and the parties' basis for settlement of the FLSA case, the Court finds settlement of this action is fair and reasonable and the requested fee is fair and reasonable and not grossly excessive. Being fully advised, it is

**ORDERED AND ADJUDGED** as follows:

1.     The Motion **[ECF No. 28]** is **GRANTED**.

2.     The Settlement Agreement (**[ECF No. 28] at 9–15**) between Plaintiff, Karen Shreve, and Defendant, Centura Homeowners Association, Inc., which has been duly filed as a record of the Court, is **APPROVED** as a fair and reasonable

CASE NO. 18-60005-CIV-ALTONAGA/Goodman

resolution of the parties' FLSA dispute.

3. This case is **DISMISSED with prejudice**, and all pending motions are **DENIED as moot**.

4. Beyond the terms of the Settlement Agreement, the parties shall bear their own attorney's fees and costs.

5. The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Miami, Florida, this 30th day of March, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

2